UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE, L.L.C., a Colorado Limited Liability Company, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>VIEWTECH, INC., a California Corporation, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07-CV-1273 W (AJB)<br><br>**ORDER DENYING VIEWTECH'S MOTION (DOC. NO. 94) TO SET ASIDE THE DISCOVERY ORDER** |

　　　Pending before the Court is Defendant and Counterclaimant Viewtech Inc.'s objections and motion to set aside the July 13, 2009 discovery order of Magistrate Judge Anthony Battaglia. (Doc. No. 94.) Plaintiffs and Counterdefendants EchoStar Satellite, L.L.C., EchoStar Technologies Corporation and Nagrastar, L.L.C. (collectively, "EchoStar") oppose.

　　　The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons stated below, the Court **OVERRULES** the objections and **DENIES** the motion to set aside (Doc. No. 94).

I.  **BACKGROUND**

The facts of this case are well-known to the parties, and need not be repeated here.

The discovery dispute arises from EchoStar's service of third-party document subpoenas on more than 20 of Viewtech's distributors and dealers. Request 15 in the subpoenas seek:

> Documents sufficient to identify each person that purchased or otherwise acquired a Viewsat receiver from you during the period January 1, 2004, to present date, including but not limited to, documents that identify each person's address, telephone number and e-mail address, as well as the purchase date, purchase price, purchase quantity and model number for each Viewsat receiver.

Viewtech objected to this request and sought a protective order quashing the request. Judge Battaglia denied the protective order, and allowed EchoStar to obtain the customer information, with the proviso that the information could not be used to initiate litigation, threaten potential litigation or seek to resolve potential litigation based upon alleged signal piracy. (*See Discovery Order* [Doc. No. 98], 8:1–4.) Viewtech now challenges Judge Battaglia's discovery order.

II. **STANDARD OF REVIEW**

A party may object to a non-dispositive pretrial order of a U.S. Magistrate Judge within ten days after service of the order. See FED. R. CIV. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including an order imposing discovery sanctions. Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir. 1990) (holding that factual determinations made in connection with sanction award are reviewable for clear error); Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (holding that discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule 72(a)). Under this standard, "the district

1 court can overturn the magistrate judge's ruling only if the district court is left with the
2 definite and firm conviction that a mistake has been made." <u>Weeks v. Samsung heavy
3 Industries Co., Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997).

4 On the other hand, the "contrary to law" standard permits independent review
5 of purely legal determinations by a magistrate judge. <u>See, e.g.</u>, <u>Haines v. Liggett Group,
6 Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary
7 review as to matters of law."); 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER &
8 RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed.
9 1997); <u>Gandee v. Glaser</u>, 785 F.Supp. 684, 686 (S.D. Ohio 1992), <u>Aff'd</u> 19 F.3d 1432
10 (6th Cir. 1994) ("Thus, [the district court] must exercise its independent judgment with
11 respect to a magistrate judge's legal conclusions.").

### III. DISCUSSION

Viewtech raises two primary objections to the Discovery Order.[1] First, Viewtech argues that the requested discovery is not relevant and exposes third parties to unwarranted harassment. Second, Viewtech argues that the requested information is not relevant. The Court will address these objections in reverse order.

The Court disagrees with Viewtech's contention that the requested information is not relevant. EchoStar is asserting a claim under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(2) and (b)(1). This statute provides, in relevant part:

> No person shall manufacture. . . or otherwise traffic in any technology, product, service, device, component, or part thereof, that--

---

[1] Viewtech objects to the Order on two additional grounds: (1) the request constitutes an antitrust violation, and would devastate Viewtech's sales; and (2) the discovery sought is available through less intrusive means.

With respect to the first argument, Viewtech has submitted no authority supporting the contention that the request constitutes an antitrust violation, nor is the Court persuaded by the theory. The second objection is premised on the contention that the information sought is of no or minimal relevance. As explained herein, the Court disagrees with this premise and accordingly is not persuaded by the objection.

> (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title;
> (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or
> (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

17 U.S.C. § 1201(a)(2). Based on this language, there is little doubt that the information EchoStar seeks is relevant to determining how Viewtech–or others with whom Viewtech may be acting in concert–markets it's products. The information is also helpful in determining how customers use Viewtech's FTA receivers, and is therefore relevant to EchoStar's claims under subsections (A) and (B).

With respect to Viewtech's privacy argument, customers have a privacy interest in not having their name, address, telephone number and e-mail address disclosed. However, having balanced the right of privacy against the relevance and necessity of the information being sought, the Court finds that EchoStar is entitled to the information in order to prepare the case for trial. Moreover, the Court finds that Judge Battaglia's protective order adequately addresses Viewtech's harassment concerns.

IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **OVERRULES** Viewtech's objections and **DENIES** the motion (Doc. No. 94) to set aside the Discovery Order.

**IT IS SO ORDERED.**

DATED: December 2, 2009

_____
Hon. Thomas J. Whelan
United States District Judge